# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JACK ROBERTS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:17-cv-00387 |
| | ) CHIEF JUDGE CRENSHAW |
| OFFICER COTHRON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Jack Roberts filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against Officer Cothron [F/N/U] and the Mt. Juliet Police Department. (Doc. No. 1.) Plaintiff was confined at the Wilson County Jail in Lebanon, Tennessee, at the time he filed this action, and is currently confined at the Smith County Sheriff's Office in Carthage, Tennessee. Plaintiff has also filed an application to proceed *in forma pauperis*. (Doc. No. 7.)

**I.     Application to Proceed as a Pauper**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* application that he lacks sufficient financial resources from which to pay the full filing fee in advance, Plaintiff's application (Doc. No. 7) will be granted. Plaintiff nonetheless remains responsible for paying the full filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff will therefore be assessed the full $350.00 filing fee, to be paid as directed in the accompanying Order.

**II.    Initial Review**

The Court is required to conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B). The Court must construe the *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

A.  **Factual Allegations**

Plaintiff alleges that on January 25, 2017, the Mt. Juliet Police Department, including Officer Cothron, "surrounded" him. (Doc. No. 1 at 7.) Officer Cothron ordered Plaintiff to walk backwards, and Plaintiff complied. (Id.) At some point, Officer Cothron twisted Plaintiff's arm with "excessive force" and arrested Plaintiff. (Id.) Plaintiff experienced significant pain and "tried to explain that he was hurt." (Id.) Officer Cothron did not ask Plaintiff if he needed to go to the hospital. (Id.)

Plaintiff was taken to Wilson County Jail, where a guard asked Plaintiff if he was "OK." (Id.) Plaintiff stated that he thought his arm was broken, and the guard called for a nurse. (Id.) The nurse looked at Plaintiff's arm and told Officer Cothron that Plaintiff needed to go to the emergency room. (Id.) Officer Cothron took Plaintiff to the emergency room at Wilson County Hospital. (Id.) Plaintiff received x-rays, the doctor informed Plaintiff that his "top bone" was broken, and Plaintiff's arm was fitted with a "cast/splint." (Id.)

B.  **Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true,

[and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### C. Discussion

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).

#### 1. Mt. Juliet Police Department

Plaintiff names the Mt. Juliet Police Department as a defendant. "[F]ederal district courts in Tennessee have frequently and uniformly held that police departments . . . are not proper parties to a § 1983 suit." Mathes v. Metro. Gov't of Nashville and Davidson Cty., No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases). Although the Court may liberally construe Plaintiff's reference to the Mt. Juliet Police Department as an attempt to name the City of Mt. Juliet as a defendant, doing so here would be futile. For the City of Mt. Juliet to be liable under § 1983, Plaintiff must show that the City's "municipal policy or custom directly caused" the alleged deprivation of his constitutional rights. Hadrick v. City of Detroit, Mich., 876

F.3d 238, 243 (6th Cir. 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978)). Plaintiff does not allege that a policy or custom of the City of Mt. Juliet caused the alleged constitutional violations. Accordingly, Mt. Juliet Police Department will be dismissed.

### 2. Officer Cothron

Plaintiff alleges that, at some point during the course of his arrest by Officer Cothron, Cothron twisted Plaintiff's arm with "excessive force" and Plaintiff sustained a broken bone. "The Fourth Amendment prohibits law enforcement officers from using excessive force when making an arrest." Smith v. City of Troy, Ohio, 874 F.3d 938, 943 (6th Cir. 2017) (citing Smoak v. Hall, 460 F.3d 768, 783 (6th Cir. 2006)). Officers' use of force in making an arrest is not excessive where their "actions [were] objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Estate of Hill v. Miracle, 853 F.3d 306, 312 (6th Cir. 2017) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)). "To determine whether [an] officer's use of force was reasonable, the court must consider the severity of the crime at issue, whether the suspect posed a threat to the officers or others, and whether the suspect was actively resisting arrest or attempting to avoid arrest by fleeing." Smith, 874 F.3d at 944 (citing Kent v. Oakland Cty., 810 F.3d 384, 390 (6th Cir. 2016)).

Here, Plaintiff alleges that Officer Cothron ordered him to walk backwards and that he complied. (Doc. No. 1 at 7.) From the face of the complaint, the full circumstances of Plaintiff's arrest and subsequent detention are unclear. At this juncture, however, the Court concludes that Plaintiff has set forth sufficient facts to support a claim for violation of his Fourth Amendment rights against Officer Cothron.

Plaintiff also alleges that Officer Cothron did not ask him if he needed to go to the hospital at the scene of the arrest. This allegation refers to the conditions of Plaintiff's pretrial detention.

4

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the "unnecessary and wanton infliction of pain" in the same manner that the Eighth Amendment protects post-conviction inmates. Brown v. Chapman, 814 F.3d 447, 465 (6th Cir. 2016) (citations omitted). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' . . . ." Miller v. Calhoun Cty., 408 F.3d 803, 812 (6th Cir. 2005) (quoting Estelle, 429 U.S. at 104).

Here, Plaintiff alleges that he received somewhat delayed medical treatment rather than no medical treatment. Plaintiff "tried to explain that he was hurt" at the scene of the arrest, and Officer Cothron did not ask Plaintiff if he needed to go to the hospital at that time. After Plaintiff arrived at the Wilson County Jail, however, a medical professional checked his arm and told Officer Cothron that Plaintiff needed to go to the emergency room. Officer Cothron then took Plaintiff to the Wilson County Hospital. Plaintiff's allegations against Officer Cothron do not state a claim for deliberate indifference.

Finally, Plaintiff checked a box in the complaint reflecting that he brings this action against Officer Cothron in his official capacity. (Doc. No. 1 at 4.) An official-capacity claim against a government official "is not a suit against the official but rather is a suit against the official's office." Russell v. Lundergan-Grimes, 784 F.3d 1037, 1046 (6th Cir. 2015) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). Thus, Plaintiff's official-capacity claims against Officer Cothron are effectively claims against the City of Mt. Juliet. Lane v. City of LaFollette, Tenn., 490 F.3d 410, 423 (6th Cir. 2007) (citations omitted). As stated above, Plaintiff has not alleged facts to support a claim for municipal liability against the City of Mount Juliet. Plaintiff's official-capacity claims against Officer Cothron will therefore be dismissed.

**III.     Conclusion**

For these reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 7) will be granted. Plaintiff's claims against the Mt. Juliet Police Department and Officer Cothron in his official capacity will be dismissed. Plaintiff's deliberate indifference claim against Officer Cothron will also be dismissed. Plaintiff's excessive force claim against Officer Cothron in his individual capacity will be referred to the Magistrate Judge for further proceedings in accordance with the accompanying order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE