IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JACK ROBERTS )
 )
v. ) NO: 3:17-0387
 )
OFFICER COTHRON )

**TO:** Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 26, 2018 (Docket Entry No. 10), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Jack Roberts ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on February 23, 2017, while confined as an inmate at the Wilson County Jail ("Jail") in Lebanon, Tennessee.[1] He seeks relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated by Officer Cothron of the Mt. Juliet Police Department. Plaintiff alleges his arm was twisted and broken by Officer Cothron while Plaintiff was being arrested on January 25, 2017. *See* Complaint (Docket Entry No. 1). Upon the initial screening of the complaint under 28 U.S.C. § 1915(e)(2) and 1915A, the Court found that Plaintiff alleged an arguable claim against Officer Cothron and directed that the Clerk send Plaintiff a service packet. *See* Docket Entry No. 10. Plaintiff was ordered to complete the service packet and return it to the Clerk's Office within thirty (30) days and was

---

[1] Several months after filing his complaint, Plaintiff filed a change of address notice indicating that he was no longer held at the Jail but was an inmate of the Smith County Sheriff's Office. *See* Docket Entry No. 8.

forewarned by the Court that his failure to timely return the service packet could jeopardize his prosecution of the action. *Id*. The docket reflects that a service packet was sent to Plaintiff by the Clerk's Office on February 26, 2018. However, Plaintiff has not returned a completed service packet to the Clerk's Office. The docket also reflects that Plaintiff has not contacted the Court in any manner since filing his change of address notice on June 20, 2017.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return a completed service packet evidences his disregard of the Court's directives and has prevented process from being issued in this lawsuit. Because Defendant has not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

**RECOMMENDATION**

For the reasons set out above, the Court respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[2]

---

[2] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections.

                                                  Respectfully submitted,

                                                  BARBARA D. HOLMES
                                                  United States Magistrate Judge

---

the opportunity to show good cause why the action should not be dismissed.